IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID RUSSELL MARTIN                                                                    PLAINTIFF

V.                                      CASE NO. 4:13CV00260 JTK

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff David Russell brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

### Procedural History

Plaintiff protectively filed his application on November 10, 2010, alleging disability[2] since an amended onset date of March 1, 2006. He claimed disability due to post traumatic stress

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

disorder, neck injuries, back injuries, degenerative disc disease, depression, spinal injuries, and arthritis. Plaintiff's claim was denied at the initial and reconsideration levels. A hearing was held before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision denying Plaintiff's claim, and the Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings his appeal.

## Administrative Proceedings

Plaintiff was twenty-eight years old at the time of the administrative hearing and obtained a GED. The ALJ applied the five-step sequential evaluation process[3] to Plaintiff's claim. Plaintiff satisfied the first step because he had not engaged in substantial gainful activity from his alleged onset date through his date last insured. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine and status post fractured ankle. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but he also concluded that Plaintiff's statements concerning the intensity,

---

[3]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. Steed v. Astrue, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

persistence, and limiting effect of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity[4] (RFC) to perform limited sedentary work.[5] At step four, the ALJ found Plaintiff unable perform his past relevant work and further found at step five that other work existed in substantial numbers in the national economy that Plaintiff could perform, including call out operator, escort vehicle driver, and surveillance system monitor. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed

---

[4] A claimant's RFC is the most that he or she can do on a regular and continuing basis despite his or her limitations. 20 C.F.R. § 404.1545. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34474, 34475 (1996).

[5] The ALJ found Plaintiff could occasionally climb, balance, kneel, stoop, crouch, crawl, and work overhead; frequently handle and finger; understand, remember, and carry out simple, routine, repetitive tasks; respond to usual situations; and frequently interact with supervisors, coworkers, and the public.

in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**Discussion**

On appeal, Plaintiff asserts that the Commissioner's decision is not supported by substantial evidence. Finding substantial evidence to support the decision, the Court affirms.

1.   Credibility Determinations

Plaintiff argues that the ALJ failed to comply with the requirements of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). When evaluating a claimant's subjective complaints of pain, an ALJ must consider the claimant's prior work record, observations by third parties and treating and examining physicians related to such matters as (1) daily activities; (2) duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) effectiveness and side effects of medication; and (5) functional limitations. *Polaski*, 739 F.2d at 1322. "Additional factors include treatments, other than medication, that the claimant has used to relieve pain or other symptoms, and any other measures that the claimant has used to relieve pain and other symptoms." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citing 20 C.F.R. §

404.1529(c)(3)(v-vi) (2003)).

Although an ALJ is not required to specifically cite the *Polaski* decision or to methodically discuss each factor in detail, the ALJ must acknowledge and examine the foregoing factors and must give good reasons for discounting the claimant's subjective complaints. *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001).

Plaintiff first contends the ALJ's "use of formulas such as 'the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment' is not adequate to comply with *Polaski*." However, the Eighth Circuit Court of Appeals has already ruled such an argument as one over "semantics and nothing more." *Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013).

He also argues that it is impossible to tell from the opinion "what the ALJ believed, what he didn't believe, and most importantly why," and that, while the ALJ made observations about the credibility of the claimant in a few "other" places in the decision, none of them are supported by the evidence. The Court disagrees. While the ALJ did not perform a step-by-step factor analysis in this case, he did discuss and apply the factors necessary for the credibility determination. For example, in discussing Plaintiff's reports of pain, the ALJ noted the testimony of Plaintiff and his fiancée but he also discussed the contradicting evidence in the record that Plaintiff's pain was controlled. Plaintiff reported fishing more and driving in a car for over three hours to attend doctor's appointments. The ALJ also referenced a letter written

by Plaintiff's fiancée to his doctor less than two weeks after Plaintiff's disability application for benefits that, since beginning pain management treatment, she had "seen improvement in his quality of life." A claimant's improvement following treatment is a valid reason to discount the claimant's subjective complaints. *See Johnson v. Astrue*, 628 F.3d 991, 995-96 (8th Cir. 2011) (treating physicians' reports that claimant was "doing well" were inconsistent with levels of pain claimed, which justified ALJ's discounting of claimant's subjective complaints of disabling pain); *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996) (claimant's reported improvement with treatment was proper basis to discount subjective complaints). The ALJ also found Plaintiff to be less than fully credible because the record reflected work activity after the alleged onset date, although that activity did not rise to the level of substantial gainful activity. *See Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (holding that, in discounting claimant's credibility, ALJ properly considered each of claimant's employment positions maintained after alleged onset date of disability). The ALJ also noted Plaintiff's treatment at two pain clinics and dismissals therefrom. The ALJ in his opinion noted dismissal was for positive methamphetamine drug screen and for violation of his treatment contract due to addiction and dependency issues. Plaintiff asserts one clinic's note was "vague" but fails to acknowledge the hand-written doctor's note that reads "Dr. Notes addiction, dependence issues." Plaintiff also contends he was terminated from the other clinic because "he had used methamphetamines [sic] as a teenager." However, the medical records from Robert Reichard, M.D. clearly indicate that Plaintiff denied a history of substance abuse but later tested positive for methamphetamine during a urine drug

screen on May 14, 2010. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005) (noting deference to the ALJ's credibility determination when there were inconsistencies information claimant provided physicians and others treating her about her own physical health and well-being). Dr. Reichard advised Plaintiff to find another physician for ongoing medical care and pain management. He also advised Plaintiff to seek drug rehabilitation and recommended the Bridgeway Hospital. Further, the ALJ properly considered and noted that Plaintiff's physicians had not prescribed any specific limitations to his activities. *See Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (no physician placed significant limitation upon claimant's work activities).

Plaintiff further contends the ALJ failed to consider or explain his implicit rejection of his fiancée's testimony. The Court included the witness testimony in his opinion but did not explicitly find that it was not credible. This failure, however, does not require remand. *See Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011) (holding that the ALJ's arguable deficiency in opinion writing technique had no bearing on the outcome of the case). Further, like in *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995), the same evidence used to discredit Plaintiff's testimony arguably would discredit her testimony.

2.  Step Five Determination

Plaintiff next challenges the ALJ's RFC determination alleging that the ALJ's hypothetical question to the vocational expert (VE) did not accurately reflect his limitations. Specifically, Plaintiff alleges the ALJ failed to account for his hand and finger limitations, the nerve damage

from his neck to his arms, and his pain medication. There was no error.

> Testimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997). Although "questions posed to vocational experts should precisely set out the claimant's particular physical and mental impairments, . . . a proper hypothetical question is sufficient if it sets forth the impairments which are accepted as true by the ALJ." *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994) (internal citations, quotation marks, and alterations omitted).

*Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000).

First, as noted by the Commissioner, Plaintiff failed to develop and brief this argument; therefore, the Court will not address it further. *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand claimant's conclusory claim because he failed to provide any analysis of the relevant law or facts). Second, Plaintiff was represented by counsel at the administrative hearing and cross-examined the VE but did not add these restrictions to the hypothetical questions posed. Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. *Armoster v. Astrue*, 2008 WL 5424137, at *5 (E.D. Ark. Dec. 30, 2008) (citing *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); *accord*, *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999)). Third, the ALJ included only in the hypothetical questions only those impairments and functional restrictions that were supported by the record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994).

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a

whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 24th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE